UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24711-BLOOM/Otazo-Reyes

ROSALBA ODIO ALVAREZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
    _____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Rosalba Odio Alvarez's ("Plaintiff") Motion for Summary Judgment, ECF No. [27] ("Plaintiff's Motion"). Defendant Commissioner of Social Security ("Defendant") filed a Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment, ECF No. [32] ("Defendant's Motion") (collectively, with Plaintiff's Motion "Motions"). Plaintiff filed a Response to Defendant's Motion for Summary Judgment and Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, ECF No. [34] ("Reply"). The Motions were previously referred to the United States Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation, ECF No. [26]. On April 1, 2022, Magistrate Judge Otazo-Reyes issued a Report and Recommendations, ECF No. [35] ("R&R"), recommending that (i) Plaintiff's Motion be denied; (ii) Defendant's Motion be granted; and (iii) the Administrative Law Judge's ("ALJ") decision ("ALJ's Decision") be affirmed. *See id.* at 50. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* at 50. On April 14, 2022, Plaintiff timely filed her Objections to the Magistrate Judge's R&R, ECF No. [36] ("Objections"). Defendant did not file any objections, but timely filed

a Response in Opposition to the Objections on April 28, 2022. *See* ECF No. [37] ("Response to Objections").

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R.

I.  **BACKGROUND**

The Court adopts Magistrate Judge Otazo-Reyes' description of the administrative history and record below, ECF No. [35] at 2-33, and incorporates it by reference herein.

II. **LEGAL STANDARD**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court

may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

#### a. Consideration of Medical Opinion Evidence

Plaintiff first argues that Magistrate Judge Otazo-Reyes improperly concluded that the ALJ correctly applied the regulatory standards of 20 C.F.R. § 404.1520c(a) in finding unpersuasive the medical opinions of consultative examining physician Dr. del Rio and treating physician Dr. Riveron. *See* ECF No. [36] at 2-6. According to Plaintiff, 20 C.F.R. § 404.1520c(a) requires consideration and articulation of the "supportability" and the "consistency" of the evidence. *See id.* at 2-3, 5-6. However, both the ALJ and Magistrate Judge Otazo-Reyes conflated the two terms and limited their consideration of Dr. del Rio's and Dr. Riveron's opinions. The ALJ and Magistrate Judge Otazo-Reyes focused on whether other evidence in the record is consistent with Dr. del Rio's and Dr. Riveron's opinions and overlooked the supportability of the opinions. Plaintiff further contends that Dr. del Rio's and Dr. Riveron's opinions are supported by medical evidence, and that the ALJ failed to articulate her reasoning in rejecting the supporting evidence. *See id.* at 3-4. In addition, Plaintiff contends that the ALJ overstated the inconsistency of Plaintiff's medical symptoms in concluding that the opinions rely on inconsistent evidence because the Social Security Administration expressly stated that natural fluctuations in a claimant's medical symptoms that may inevitably cause some inconsistencies in the record. *See id.* at 5 (citing 82 Fed. Reg. 5857 (Jan. 18, 2017)).

Defendant responds that the ALJ must consider both supportability and consistency, but that the ALJ can touch on both factors at once. *See* ECF No. [37] at 2 (citing 20 C.F.R. § 416.920c(b)(2)). According to Defendant, the regulations do not require ALJs to use "magic

language" to articulate consideration of the two factors. *Id.* Further, Defendant argues that in this case the ALJ properly evaluated both factors with regard to Dr. del Rio's and Dr. Riveron's opinions. *See id.* at 2-5.

The Court agrees with Defendant. The Court is unaware of, and Plaintiff fails to cite, any legal authority indicating that the ALJ cannot address the supportability and consistency of the evidence simultaneously. Rather, as Defendant rightly notes, courts have held that the ALJ need not use any "magic words" in considering the two factors. *See Frye v. Comm'r of Soc. Sec.*, No: 6:21-cv-741-DCI, 2022 WL 1045719, at *5 (M.D. Fla. Apr. 7, 2022) ("The ALJ may not have used the word 'supportability,' but he discussed the record with respect to the inconsistency of the opinions within the physician's own records, and the Court finds that to be adequate.") (citing *Vachon v. Comm'r of Soc. Sec.*; 2022 WL 458604, at *14, n.5 (M.D. Fla. Feb. 15, 2022); *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013)); *Thaxton v. Kijakazi*, No. 1:20-cv-00616-SRW, 2022 WL 983156, at *8 (M.D. Ala. Mar. 30, 2022) ("[T]he ALJ need not use any magic words in discussing whether a medical opinion is supported by evidence from the medical source himself and whether the opinion is consistent with other evidence of record.") (citations omitted). Therefore, the ALJ's simultaneous consideration of both factors was not improper.

Further, contrary to Plaintiff's argument that the ALJ did not consider the supportability factor in considering Dr. del Rio's and Dr. Riveron's opinions, the Court notes that the ALJ expressly considered the supportability factor for both doctors. Specifically, in assessing Dr. del Rio's opinion, the ALJ stated "it is consistent with and *supported* by the substantial evidence of record." ECF No. [22] at 29 (emphasis added). The ALJ also discounted certain portions of Dr. del Rio's opinion, explaining that those portions were "inconsistent with and *unsupported* by other

substantial evidence of record." *Id.* (emphasis added). Magistrate Judge Otazo-Reyes properly noted that the ALJ reviewed the supportability of Dr. del Rio's opinion. *See* ECF No. [35] at 38-39 (citing ECF No. [22] at 29-30). As for Dr. Riveron, the ALJ similarly stated that she considered the supportability factor by noting that Dr. Riveron's opinion was "inconsistent and *unsupported* by clinical notes from Community Health of South Florida as well as clinical notes from the consultative examiner." ECF No. [22] at 29 (emphasis added). Magistrate Judge Otazo-Reyes acknowledged the ALJ's consideration of the supportability of Dr. Riveron's opinion by stating that "ALJ Reynolds properly assessed the *supportability* and consistency of Dr. Riveron's opinion with the medical evidence of record." ECF No. [35] at 48 (emphasis added). As such, Plaintiff's argument that the ALJ and Magistrate Judge Otazo-Reyes solely focused on the consistency factor is unavailing.

To the extent that Plaintiff argues that the ALJ failed to articulate her reasoning in greater detail with respect to the supportability of Dr. del Rio's and Dr. Riveron's opinions, the Court is not persuaded. In general, ALJs are required to articulate their reasoning such that the reviewing court can "trace the path of an adjudicator's reasoning[.]" 82 Fed. Reg. 5858 (Jan. 18, 2017). However, ALJs may reject certain medical evidence that they find unpersuasive, and "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). In this case, with respect to the supportability of Dr. del Rio's opinion, the ALJ articulated in great detail that some of Dr. del Rio's opinions were supported by medical evidence but that Dr. del Rio's opinion that Plaintiff needed frequent assistance and supervision was not supported by the "evidence of record," including Dr. del Rio's own examination. ECF No. [22] at 29. With respect to the supportability of Dr. Riveron's opinion, the ALJ explained in sufficient detail that the clinical notes from

Community Health of South Florida, including Dr. Riveron's own notes, do not support Dr. Riveron's opinion. *See id.*; *see also* ECF No. [22] at 649-711. As such, the Court is able to trace the path of the ALJ's reasoning in rejecting the supportability of Dr. del Rio's and Dr. Riveron's opinions, and the Court sees no reason to impose a more rigid articulation requirement in light of *Mitchell*, 771 F.3d at 782.

Next, with respect to Plaintiff's argument that the ALJ overstates the inconsistency of Plaintiff's medical symptoms, the Court is again not persuaded. Following Plaintiff's logic, the ALJ should have *articulated* that inconsistencies in the record regarding Plaintiff's condition did not necessarily result in an overall finding of inconsistency with regard to Dr. del Rio's and Dr. Riveron's opinions. However, 82 Fed. Reg. 5857, which Plaintiff cites, states as follows:

> [W]e recognize that evidence from a medical source who has a longstanding treatment relationship with an individual may contain some inconsistencies over time due to fluctuations in the severity of an individual's impairments. Our adjudicators will *consider* this possibility as part of evaluation of the consistency factor, as they do so under our current rules. We will also include this issue within our training to our adjudicators.

82 Fed. Reg. 5857 (Jan. 18, 2017) (emphasis added). A plain reading of Plaintiff's cited authority indicates that ALJs are only required to *consider* the possibility that inconsistencies in the record may be the result of natural fluctuations in the claimant's condition, not *articulate* their consideration of that possibility. As such, in this case, the ALJ was not required to articulate that fluctuations in Plaintiff's impairments did not necessarily result in a finding of inconsistency. Further, upon review, it is apparent that the ALJ recognized fluctuations in Plaintiff's conditions without necessarily concluding that the fluctuations meant that Dr. del Rio's and Dr. Riveron's opinions were inconsistent. *See* ECF No. [22] at 29-30 ("[T]reatment notes document significant improvement in the claimant's symptoms and diagnosed partial remission of the claimant's major

depressive disorder."). Rather, the ALJ's finding of inconsistency is expressly based on other substantial evidence in the record. *See id.*

In sum, the ALJ's decision reflects that she properly considered the supportability and consistency factors for Dr. del Rio's and Dr. Riveron's opinions. Thus, Plaintiff's objections on this matter are overruled.

### b. Use of Mental Status Examination and Activities of Daily Living

Next, Plaintiff argues that Magistrate Judge Otazo-Reyes improperly endorsed the ALJ's use of mental status examinations and activities of daily living to establish Plaintiff's functional ability to sustain work. *See* ECF No. [36] at 6-7. According to Plaintiff, such reasoning is specifically prohibited by the courts. *See id.* at 6 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997); *Gunn v. Astrue*, Case No. 1:06-CV-00205-MP-WCS, 2008 WL 216403 (N.D. Fla. Jan. 23, 2008); *Titles II and XVI: Capability To Do Other Work—The Medical–Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments*, Social Security Ruling 85-15 (S.S.A. 1985)).

Defendant responds that regulations expressly provide that a claimant's activities of daily living are a relevant consideration when evaluating a claimant's statements and a claimant's residual functional capacity can be based on all the relevant medical evidence and other evidence in the case record. *See* ECF No. [37] at 6 (citing 20 C.F.R. §§ 416.929(c)(3)(i), 416.945(a)(1), (a)(3)).

The Court agrees with Defendant. First, federal regulations expressly state that ALJs may consider "daily activities[.]" 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Similarly, federal regulations state that ALJs will "consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided

by you, your family, neighbors, friends, or other persons." 20 C.F.R. § 416.945(a)(3). Second, federal regulations also state that ALJs will consider "residual functional capacity based on *all* the relevant evidence in [the] case record." 20 C.F.R. § 416.945(a)(1) (emphasis added). As such, federal regulations allow ALJs to consider activities of daily living and mental status examinations.

Further, although Plaintiff cites *Lewis*, 125 F.3d at 1441, for the proposition that ALJs cannot rely on activities of daily living, the Eleventh Circuit held in *Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x 660, 663 (11th Cir. 2010), that *Lewis* does not stand for the proposition that it is improper for ALJs to consider a claimant's daily activities. Rather, the Eleventh Circuit determined that ALJs can considered activities of daily living. *See id.* (citing 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i)). As such, Plaintiff's reliance on *Lewis*, 125 F.3d at 1441, for the assertion that ALJs cannot consider activities of daily living is unavailing. The Court is also not persuaded by Plaintiff's reliance on *Gunn*, 2008 WL 216403. In that case, the court held that the ALJ failed to properly evaluate the claimant's testimonial evidence and did not rely on "substantial evidence." *Id.* As such, the court remanded the case so that "the ALJ [could] enter specific findings concerning a determination of Plaintiff's testimonial credibility." *Id.* The issue before the Court is not Plaintiff's testimonial credibility, and the ALJ did consider substantial evidence about Plaintiff's condition as noted above. As such, *Gunn* is inapposite.

Finally, Plaintiff's reliance on Social Security Ruling 85-15 for the proposition that the ALJ should not have considered mental status examinations is unavailing. *See* ECF No. [36] at 6 (citing Social Security Ruling 85-15 (S.S.A. 1985)). Social Security Ruling 85-15 states, in relevant part:

> Since mental illness is defined and characterized by maladaptive behavior, it is not unusual that the mentally impaired have difficulty accommodating to the demands of work and work-like settings. Determining whether these individuals will be able to adapt to the demands or "stress" of the workplace is often extremely difficult.

8

> *This section is not intended to set out any presumptive limitations for disorders, but to emphasize the importance of thoroughness in evaluation on an individualized basis.*

Social Security Ruling 85-15 (S.S.A. 1985) (emphasis added). A plain reading of the ruling indicates that the ruling is intended to emphasize the importance of a thorough evaluation of mental disorders. It does not preclude mental status examinations. Once again, the Court is unaware of, and Plaintiff fails to provide, any other legal authority prohibiting the ALJ's consideration of mental status examinations.

In sum, the ALJ properly considered mental status examinations and activities of daily living, in conjunction with other substantial evidence. Thus, Plaintiff's objections on this matter are overruled.

## IV. CONCLUSION

Upon a comprehensive review, the Court finds Magistrate Judge Otazo-Reyes' R&R to be well reasoned and correct on all matters.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [35]**, is **ADOPTED**.
2. Plaintiff's Objections, **ECF No. [36]**, are **OVERRULED**.
3. Plaintiff's Motion, **ECF No. [27]**, is **DENIED**.
4. Defendant's Motion, **ECF No. [32]**, is **GRANTED**.
5. The ALJ's Decision, **ECF No. [22] at 21-32**, is **AFFIRMED**..
6. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.
7. The Clerk of Court is directed to **CLOSE** this case.

Case No. 20-cv-24711-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 9, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record